NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

—————————

**LUCIA CORRAO,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

—————————

2019-1943

—————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-3208, Judge William S. Greenberg.

—————————

Decided: November 6, 2019

—————————

LUCIA CORRAO, Milwaukee, WI, pro se.

MICHAEL D. SNYDER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; BRIAN D. GRIFFIN, BRYAN THOMPSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, SCHALL, and TARANTO, *Circuit Judges.*

PER CURIAM.

Lucia Corrao appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans Appeals' denial of her application to reopen a claim of entitlement to recognition as the surviving spouse of a deceased veteran for purposes of dependency and indemnity compensation ("DIC"). *See Corrao v. Wilkie*, No. 18-3208 (Vet. App. Apr. 29, 2019). Because we lack jurisdiction, we *dismiss.*

## BACKGROUND

Corrao is the former spouse of a deceased United States Marine Corps veteran, Mr. Michael R. Vossekuil, who served on active duty from April 1972 to May 1975. Corrao and the veteran married in the late 1980s and divorced in March 1992. The veteran died in 2004. In 2015, Corrao filed an application for entitlement to recognition as the veteran's surviving spouse for purposes of DIC. The Veterans Affairs Regional Office ("RO") denied her claim. Corrao appealed the decision to the Board, which found that she did not qualify as a "surviving spouse," because she was not legally married to the veteran at the time of his death. *See* 38 U.S.C. § 101(3). The Board further found that the exception of "a separation which was due to misconduct of, or procured by, the veteran without the fault of the spouse," did not apply because Corrao and the veteran were divorced, not separated. Corrao appealed that decision to the Veterans Court, which affirmed. We dismissed Corrao's appeal from that decision for lack of jurisdiction. *Corrao v. Wilkie*, 718 F. App'x 982 (Fed. Cir. 2018).

Corrao attempted to reopen her application seeking DIC benefits in April 2017, which the RO denied. Corrao appealed to the Board. The Board refused to reopen

Corrao's claim after it determined that she had not submitted new and material evidence. Suppl. App. 14. The Board determined that Corrao's evidence, such as her testimony at an April 2018 Board hearing, was not material because the evidence did not relate to the validity of the divorce or establish that she remained married to the veteran at the time of his death. *Id.*

Corrao appealed to the Veterans Court, which affirmed, holding that the Board did not err in reaching its decision that the evidence submitted by Corrao did not raise a reasonable possibility of substantiating her claim. Suppl. App. 9. Corrao appeals the Veterans Court's decision to this court seeking to invoke our jurisdiction under 38 U.S.C. § 7292(a).

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. Pursuant to 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Corrao challenges the Veterans Court's application of the law. She argues that she provided a list of laws and evidence supporting her claim, but it was ignored by the Veterans Court. The Veterans Court affirmed the Board's decision that Corrao had not submitted sufficient evidence to reopen the claim because she had not provided evidence "showing that she was married to the veteran at the time of his death." Suppl. App. 9. The Board had applied 38 U.S.C. § 5108 to the new evidence submitted by Corrao and determined that, when considered with previous evidence

of record, it did not relate to an unestablished fact necessary to substantiate her claim. Suppl. App. 10. The Board had also considered the "various statutes, regulations, and the VA Manual" Corrao cited, but concluded that the law cited and evidence provided by Corrao was insufficient to reopen her claim. The Veterans Court affirmed the Board's decision because Corrao did not demonstrate that the Board erred in its decision. Corrao does not challenge the Board's or the Veterans Court's interpretation of law, but merely challenges their application of the law and their conclusions. We lack jurisdiction to review such a challenge.

CONCLUSION

Because we lack jurisdiction over Corrao's appeal, we *dismiss*.

**DISMISSED**

COSTS

No costs.